106 F.3d 413
 97 CJ C.A.R. 189
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BIG HORN COAL COMPANY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
David N. STEELE, Intervenor.
 No. 95-9549.
(OWCP No. roe-tv-zzur
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1997.
 
 Before BRORBY, BARRETT, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Petitioner Big Horn Coal Company ("Big Horn Coal") seeks review of a final order of the United States Department of Labor Benefits Review Board ("Benefits Review Board") directing Big Horn Coal to make black lung compensation payments to Mr. David Steele, the claimant. The Benefits Review Board affirmed an order of a United States Department of Labor Administrative Law Judge ("ALJ") finding that Mr. Steel had pneumoconiosis under 20 C.F.R. § 718.202(a)(4), that Mr. Steele was totally disabled, and that he was entitled to disability benefits because his pneumoconiosis was a "contributing cause" of his total disability under 20 C.F.R. § 718.204(a), 718.204(b) and 718.204(c)(5). Both the ALJ and the Benefits Review Board applied this court's decision in Mangus v. Director, OWCP, 882 F.2d 1527 (10th Cir.1989) in concluding that Mr. Steele was entitled to disability benefits. In Mangus, this court set forth the standard to be used in interpreting 20 C.F.R. § 718.204(a): "if the pneumoconiosis is at least a contributing cause, there is a sufficient nexus between the pneumoconiosis and the total disability to satisfy claimant's burden of proof." Id. at 1531-32.
 
 
 3
 Big Horn Coal contends that the Mangus "at least a contributing cause" standard should not be applied in this case. Instead, it asks this panel to impose a "preponderance of the substantial evidence" standard. This we cannot do. One panel of this court cannot overrule the decision of another panel. United States v. Zapata, 997 F.2d 751, 759 n. 6 (10th Cir.1993); United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990). Mangus provides controlling precedent for this case and we are bound to apply it. After reviewing the record on appeal, this court concludes that the Benefits Review Board properly found the ALJ's decision to be supported by substantial evidence. Wyoming Fuel Co. v. Director, OWCP, 90 F.3d 1502, 1505 (10th Cir.1996). The final order of the Benefits Review Board is hereby AFFIRMED. Big Horn Coal's motion to allow a late filing of an initial en banc suggestion is DENIED.[1]
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Big Horn Coal filed its motion after oral argument and while the case was under advisement. The panel is unaware of any rule, practice, or logic authorizing such an unorthodox motion